102·15

14th Court of Appeals   ORIGINAL
Trial Cause #441673

The State of Texas              In the 179th Judicial
                                District Court of
          VS
The Edward R. Newsome T.D.C #437698 Harris County, TX
                                Case # 14-14-00687-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

Amended Petition For Discretionary
In Rule 68.1 - 68.11

FILED IN
COURT OF APPEALS
HOUSTON, TEXAS

JAN 20 2015

CHRISTOPHER A. PRINE
CLERK

To The Honorable Judge of Said court
    The Appellant Edward R. Newsome argue and offer into evidence an objection against the Clerk Christopher Prine denying Motion For Rehearing on 1-8-2015 was abuse of discretion see C.C.P. Article 36.19 and Rule 44.2(b) and Request For Permission to File a Petition For Discretionary Review in Rule 50, Rule 9.5 Along with Motion to File For a Stay, Motion to Consolidate Appeals, Motion to Extend time For Reconsideration In Rule 10.5(b) and Rule 68.2(a)(6)(c) and Motion For Rehearing Against Previous Filed Brief, Previous File Motion For a New Trial and New Punishment hearing to Transfer and Expedite Appeal to Court of Criminal Appeal For want of Jurisdiction in Rule 68.1, Rule 68.2, Rule 68.3, Rule 68.4, Rule 68.5, Rule 68.6, Rule 68.7, Rule 68.8, Rule 68.9 Rule 68.10 and Rule 68.11 is not a matter of Right, out of the court discretion in Rule 66.3(a)-(f) Rule 66.4 or Rule 49.9 Document to Aid Decision, on Clerk duties in Rule 69.4(a) or (b) and to File Brief under Rule 38.1(h) to Court of Criminal Appeals see Amended Case # 14-87-00078

(1)

The APPELLANT Newsome ARGue that I am entitled to one Appeal As oF Right As mandated By the Supreme Court of the United States see Douglas US California 372 U.S. 353, 83, S.Ct. 814, 9, L.Ed. 2d 811 (1963) Further the 6th and 14th Amendment of the United States Constitution mandate that I Received effective Assistance of Counsel on my 1st Appeal As A Right, and that, Should An Appeal be dismissed For Failure to Comply with A State Appellate Rules, such Appeal must be Remanded to the State Court of Appeal For A Full hearing of the merits of the Appeal see EVITT US Lucey 469 U.S. 387, 105, S.Ct. 830, 83 L.Ed. 2d. 821 (1986) IN determining the legal Sufficiency to view the evidence, in light most Favorable to the verdict, to determine whether ANY Rational trier of Facts could have Found the essential element of the offense Beyond A Reasonable doubt see Jackson US Virginia 443 U.S. 307, 319, S.Ct. 2781, 2789, 61. L. Ed. 2d. 560 (1979) on Request to Reverse and Remand. See Rule 47.2 And 48.1.

_Edward R Newsome_
APPELLANT SIGNATURE

_1-14-2015_
DATE

Certificate of Service Rule 9.5
Rule 2 Suspension of Rules

The Appellant Edward R Newsome verify the statement made in this Amended Affidavit of inability to Pay Court Costs and initial Filing fees without PrePayment of Fees to File Petition For Discretionary Review in Rule 68.1 - 68.11 For Free Statement of Facts because I Am indigent Rule 20.1 - 20.2 is True and Correct under the Penalty of Perjury sec 28 U.S.C.§ 1746 For PurPose of Mail Box Rule 4 (c) 1, 2, 3, (d) For the original And Copies of of Records in Rule 9.3 (b), Rule 34.5 (c), Rule 34.6 (c)(4) + 35.3(b)(3) For Service in Local Rule 10, 11, 12 (c) and Benefits. _Edward R. Newsome_
APPELLANT SIGNATURE

#437698, Edward R. Newsome
Bill Clement Unit
9601 Spur 591
Amarillo, TX 79107

S

7700232062

Clerk Christopher A. Prine
14th Court of Appeals
301 Franklin Street Suite 245
Houston, TX 77002

**Motions Denied; Appeal Dismissed and Memorandum Opinion filed December 9, 2014.**



In The

## Fourteenth Court of Appeals

### NO. 14-14-00867-CR

**EDWARD ROY NEWSOME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 441673**

## MEMORANDUM OPINION

Appellant filed a notice of appeal on October 15, 2014, in trial court cause number 441673. Appellant's conviction in that case was entered January 24, 1986, and subsequently affirmed by this court. *Newsome v. State*, C14-87-00048-CR, 1988 WL 26430 (Tex. App.—Houston [14th Dist.] Mar. 24, 1988, pet. ref'd) (not designated for publication).

Appellant is attempting to challenge his final felony conviction. Article 11.07 of the Code of Criminal Procedure provides the exclusive means for challenging a final felony conviction. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). Further, jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Court of Criminal Appeals. *Ex parte Hoang v. State*, 872 S.W.2d 694 (Tex. Crim. App. 1993). We therefore dismiss the appeal for want of jurisdiction and deny all pending motions.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).